CHARLES D. GRAHAM *vs.* LYMAN JOHN WILLIAMS.

CHARLES D. GRAHAM *vs.* LYMAN JOHN WILLIAMS, *Trustee.*

JANUARY 5, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These are bills in equity to impress a trust on certain securities and for other relief. They were heard together in the superior court on bills, answers and oral proof and were thereafter denied and dismissed. From the decrees denying and dismissing them the complainant has appealed to this court and has filed identical reasons of appeal in support of his appeals. In view of that fact we shall hereinafter discuss such reasons as though there were only one appeal.

The controversy between the parties arose over the ownership of certain securities which complainant had received from his deceased wife's estate and which he later transferred to respondent who was her son. Paragraph 7 of the

bill of complaint alleges that respondent suggested to complainant that he "should renounce his interest in his wife's estate and should also convey to the respondent all the securities theretofore distributed to your complainant as part of her estate." And it further alleges: "The respondent, to induce your complainant to comply with the foregoing suggestion, represented to your complainant that he would reconvey the securities to your complainant upon his request therefor at any time and would also work on a plan of reorganization during January and February, 1957 along the lines suggested."

Paragraph 8 alleges that complainant in reliance upon respondent's inducements and representations acceded to his suggestion, and paragraph 10 alleges that "complainant, pursuant to his agreement with respondent," transferred the securities mentioned in paragraph 7. Paragraph 11 alleges: "The respondent, at the time of making the representations aforesaid, as set forth in paragraph #7, supra, and thereafter, had no intention of fulfilling them and has refused to do so up to the present time."

Those allegations constitute the gist of complainant's claim of a constructive trust. The respondent in his answer denied each and every such allegation. He contended that complainant freely renounced all his rights in and to the securities in question after voluntarily saying to respondent several times that they were rightfully his and that he, complainant, wanted no part of them. At the trial respondent testified postively to that effect and he further testified that he never at any time promised to return the securities if asked to do so and had always understood that complainant had given them to him outright. Attorney Arthur J. Levy was called as a witness and he testified that complainant "on a good many occasions" stated that he wanted none of the Karpeles property. It appeared from the evidence that Mrs. Graham's maiden name was Karpeles and she had received the securities in question from her family.

The evidence was sharply conflicting on the questions whether complainant had volunteered to make the transfer of the securities and whether such transfer was an absolute gift to respondent unaccompanied by any promise on his part to return them when and if asked. The trial justice resolved such conflict by expressly finding that complainant intended to make such a gift. She further found that there was no credible testimony of the existence of fraud, and no credible evidence of a promise by respondent contemporaneous with the transfer of the securities which could furnish a basis for a constructive trust.

However, under his first and second reasons of appeal complainant now contends that he was prevented from introducing substantial evidence in support of his bill by four rulings of the trial justice which he strongly urges were erroneous and prejudicial. And under his third reason of appeal he argues that he was further prejudiced by the trial justice's ruling allowing Attorney Levy to testify. These are his only reasons of appeal, and as he quite properly states in his brief, they relate solely to "Alleged Trial Errors."

Since no reason of appeal has been filed upon which could be based a claim of error inherent in the final decree itself or in the findings of the trial justice we shall inquire only into the correctness of the above-mentioned rulings. If we find that none of them was prejudicial the final decree may not be reversed on any other ground of error not duly prosecuted by a specific reason of appeal. It has been long settled that the general effect of an appeal to this court is to bring up for review here merely the errors stated in the appellant's reasons of appeal. *Vaill* v. *McPhail*, 34 R. I. 361; *Moses* v. *Wilkinson*, 90 R. I. 253, 157 A.2d 478.

The first reason of appeal is predicated upon the alleged erroneous rulings excluding the following questions addressed to complainant with respect to certain conversations he had with respondent at or before the transfer of

the securities: "What did you and he discuss with respect to 'all your property'?" "Did you and the respondent ever confer with [regard to] the creation of a trust with respect to this property?" "What was his statement to you with respect to his disposition of the transfer?"

After the questions were excluded complainant was permitted to make the following offer of proof for the record:

"I would like to make an offer of proof that if the witness were permitted to answer he would testify that the respondent, Williams, said the following to the witness: Graham says, 'Have you given any consideration to my suggestion for reorganizing the two companies'? Williams' answer, 'No, I haven't. I can't consider any changes as long as the Connecticut business hangs over us and while all that Karpeles property is in your name.' Graham then said, this is part of the offer of proof, 'Just the same', I beg your pardon, 'I don't think we have very much to be afraid of.' Williams says, 'Just the same, those people can make plenty of trouble for us. If they get a big judgment they can probably get everything we have.' To which Graham replied, 'Well, what do you want me to do?' To which Williams answered, 'I want you to give me a deed to the house and I want you to sign that waiver you have been talking about and put all the securities in my name.' Graham answered, 'That's certainly asking a lot.' Williams: 'If you do you won't lose anything by it. You just ask me for the securities back any time and you can have them right away.' Graham said, 'That's all right, but I would like to see some action. What about the reorganization? Will you go through with it?' To which Williams answered, 'That will take a long time. Bring it up again in January when we're not so busy with production.' Graham: 'All right, I'll take care of everything.' That's the offer of proof with respect to the respondent's solicitation of the transfer of securities from the complainant to the respondent."

Aside from some extraneous matter therein, which if given in answer to any of the excluded questions would not have been responsive, it would appear that complainant was

seeking by such questions to prove that he and respondent had come to an express understanding or agreement by which respondent was to hold title to the securities subject to complainant's right to reclaim them. Apparently such evidence was intended to prove the alleged agreement between them referred to in paragraph 10 of the bill of complaint.

In our opinion the questions were properly excluded. The offer of proof does not help the complainant. On the contrary it militates against him because it tends to show an agreement for an express trust rather than fraud out of which a constructive trust could arise. Such a trust is not based upon agreement but arises by operation of law. *State Lumber Co.* v. *Cuddigan,* 51 R. I. 69. The testimony which would have been adduced by the excluded questions was merely probative of the alleged agreement. Such evidence would not be probative of fraud. " 'The mere refusal to execute a parol trust, or the denial of its existence, is not such a fraud as to take the case out of the statute of frauds and authorize equity to enforce the trust.' " *State Lumber Co.* v. *Cuddigan, supra,* at page 71. If any of the questions had been specifically framed so as to elicit testimony of fraudulent intent on the part of respondent at the inception of the alleged agreement it would have been admissible. *Lawrence* v. *Andrews,* 84 R. I. 133. Such testimony should tend to prove " 'an element of positive fraud accompanying the promise and by means of which the acquisition of legal title is wrongfully consummated.' " *Broadway Building Co.* v. *Salafia,* 47 R. I. 263, 268.

But in order to justify the rulings on that ground complainant contends it was necessary for respondent to plead the statute of frauds. In support of such contention he cites *Conti* v. *Fisher,* 48 R. I. 33, and *Carr* v. *Carr,* 28 R. I. 554. Neither case so holds. In *Conti* the court merely said, at page 36: "Where a respondent or defendant makes no claim for the benefit of the statute of frauds, either by

pleadings or *otherwise,* the court *sua sponte* does not interpose it for him." (emphasis supplied) In *Carr* the court referred to the fact that the defendant having denied the contract, relied on the statute of frauds at the trial and added "He is therefore entitled to the benefit of its provisions," citing therefor *Rogers* v. *Rogers,* 20 R. I. 400. That case holds that where the respondent denies the alleged contract and puts the complainant to his proof he must necessarily prove his case in accordance with the statute. Hence respondent in the instant case having denied in his answer the alleged agreement and the alleged oral promise to reconvey was entitled to invoke the statute.

However, even if the excluded questions should have been allowed it does not appear that complainant was prejudiced by their exclusion because the transcript discloses that he had several opportunities to introduce the evidence contained in his offer of proof and did so to a substantial degree. If he failed to present all of it such failure was not due to any adverse ruling of the trial justice but to his own neglect. In any event it is clear that the trial justice weighed the evidence upon which complainant relied to prove a constructive trust and found it wanting. In her decision she expressly finds, "There is no contemporaneous promise to be discerned in the credible testimony which would warrant this court in finding the basis for a constructive trust."

The second reason is based on the refusal of the trial justice to admit as an exhibit what complainant described as a reconstructed plan of reorganization of the Karpeles companies in which he and respondent were financially interested. Except for the testimony of complainant there was no evidence of any such reorganization. The respondent testified that he had never promised to reorganize the companies and knew of no complete plan to that effect. The proposed exhibit had been prepared by complainant for introduction at the trial not for any intrinsic probative value

but merely to show that he had actually conferred with respondent about a plan of reorganization in connection with his transfer of the securities. The complainant contends that it was in the nature of demonstrative evidence and was admissible as such evidence. We do not think so. In our opinion it was a self-serving instrument prepared by complainant solely for the purpose of buttressing his own testimony at the trial and as such was clearly inadmissible.

Under the third reason of appeal the complainant contends that Attorney Levy was incompetent as a witness because of his prior professional relationship to the complainant. He concedes that it was within the judicial discretion of the trial justice to allow the attorney to testify but contends that she abused her discretion. We are of the opinion that there is no merit in this contention. Mr. Levy was not asked to testify on any matters which came to his knowledge as attorney solely for the complainant but only as to matters pertaining to the relations between the complainant and the respondent in connection with their joint interest in the Karpeles companies and concerning the transfer by the complainant of the securities in question to the respondent. In such circumstances an attorney is a competent witness. *Horowitz* v. *LeLacheure,* 81 R. I. 235.

The complainant's reasons of appeal in each case having been found to be without merit, his appeals are denied and dismissed, the decrees appealed from are affirmed, and each case is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for complainant.

*Levy, Carroll, Jacobs & Kelly, Arthur J. Levy, Joseph A. Kelly,* for respondent.